May it please the Court, Andy McStay for Plaintiff Blackie Alvarez. It's obvious that the scope of this appeal has narrowed quite considerably since we filed it, given the Supreme Court's decision in the Sussman case, which takes the damages claims out of this case. So I'm going to just focus very briefly on the mootness issue that remains in this case. I think... Can you answer, he was, his term of post-prison supervision was due to expire on June 2, 2011. Did it expire? It's my understanding that it did. So he's under no recall authority right now at all? I believe that's correct, yes. I think that raises the question, it's a good entry point, though, into sort of the proper perspective for considering the time at which to evaluate that question. And I think if we go back and look at when the district court was evaluating the mootness issue and the possibility of Mr. Alvarez's return to Department of Corrections custody, at that time there remained a reasonable possibility that he would be returned. Why does it matter? Because it can be moot now. I mean, if a case goes moot while it's on appeal, it's moot. Well, I think, again, we get to the kind of established principle of, you know, if the appellate process doesn't have time to run, we don't find mootness under those circumstances. Looking at the biodiversity legal foundation case, we give the appellate process time to run. In this case, Mr. Alvarez filed his initial claim two-and-a-half years before the first panel decision in this case, and had the district court evaluated his claims under the correct legal standard at the time, I think the case would have been litigated before his release from custody. Well, even if I buy that argument, there's not enough to show the prong is satisfied just because he was released. We have other types of cases where we've ruled they're not so short as to evade review. For instance, access to prison library cases. They're not cases that evade review, says Dilley v. Gunn. In fact, there are scores of cases challenging the prison policies affecting an inmate's religious exercise that we have looked at, and we haven't found those are so short as to evade review. We've said they're not so short as to evade review, and this is moot. I think that you're right about, obviously, Your Honor, about the prison library cases. But I think there are instances in the case. Well, how do you distinguish this case, then, from the prison library cases? Certainly there's people who want to go look at the prison library after the prisoner has long since left, and yet we've said that's moot. Well, I think there is a difference in a kind of qualitative difference in the rights that are attempting to be vindicated here. Here we're looking at rights of religious expression. And in particular, given the Supreme Court's decision. I guess I'm really focusing, and I don't want you to go to what the Supreme Court, I'm really focusing on is this a class of cases that generally evade review? I don't think it is. We've had a lot of inmate religious exercise cases which we have dealt with on our court. We've held in a couple of those. They're not necessarily binding on us that they're moot. But we have looked at those cases, scores of them. So they're not evading review here. It isn't like a prisoner won't get a chance to bring that up before us. We've got all kinds of cases about that. So why is this not moot? Because there's no question your client is not going to ever have any problem here. Well, I think respectfully, this very case illustrates that it's the type of case that can evade review. Because of the failure of the district court to consider it under the proper legal standard, Mr. Alvarez didn't get a chance to fully litigate those claims prior to his release. That, of course, is true of any mootness case. It might moot because something happened and kids graduate from school and the cases go moot. There was a state supreme court case, I mean U.S. Supreme Court case like that this year. But they're not, they don't evade review, kids stay in school for a long time, eventually they graduate. If a particular case happens to drag out long enough that the person graduates, that doesn't mean the issue evades review because there will be a lot of other kids who are in school for five years and will have time to litigate it. Similarly here, there are people in prison long enough to litigate this sort of thing. And so if you're talking about the case of Schacklin and this guy because of the vagaries of the case, and it happened that that didn't happen, but it wasn't inherent in the situation, it wasn't like Gerstein v. Pugh where you're talking about a preliminary hearing or the Preach-Fall-Schacklin cases or things that are just inherently short-lived. This isn't inherently short-lived, is it? I don't think it's inherently short-lived, but I think this is a type of case that can routinely evade review. And I don't think we have to... Why? Why would it be any more routine than any other prison condition case? People are going to want these sweat lodges and to the extent that people have that religion in prison, they could be in for ten years and could raise it any time during the ten years. And you didn't bring this as a class action. Mr. Alvarez did not. No. Yeah. I don't think, I don't read the cases as requiring an inmate to bring a case as a class action. No. There are several that say that if it is like a class action, and there have been three cases, a couple, Ninth Circuit and one Supreme Court case on that. But in each case, the issue was inherently so short that it could not have been reviewed and the courts have said it's like a class action. That would be a pretrial proceeding and the pretrial lasts for a short period of time. The pre-arraignment is a very short period of time. But there's nothing inherent about this one, it doesn't seem to me, that's short. Well, again, I think we respectfully submit that these cases can routinely evade review because of the vagaries of the appellate process. So you don't think you have to prove. You're trying to get the advantages of a class action without having brought a class action. And, you know, that concept itself is a pretty remarkable concept. And I think it's only been granted in very, very restrictive situations. Well, I guess I would argue here that requiring an inmate to bring a class action is excessive under the circumstances. You're going to create a kind of boom in class action litigation when inherently the mootness inquiry is flexible and fact-specific. So courts are going to be grappling in any event with the particular circumstances of inmates. And so I don't believe that we're adding to the burdens of the district court in evaluating this specific mootness exception that we're urging here by not having it be formally certified as a class action. Ms. McStay, I didn't say at the outset that if you want to reserve time, you need to do it yourself. So I don't know if you do want to reserve time. But in general, we're not watching the time for you. I will reserve my remaining time, unless the panel has further questions. Thank you very much. Thank you. May it please the Court, Carolyn Alexander, for Respondents. I think the Court is correct that a plaintiff in this case meets neither exception or neither prong of the exception of age review capable of repetition. The really only unsettled issue in this case is the challenge to ongoing policies variant of that exception. The case is not the case does not belong to a class of cases that is so inherently transitory, as the Court noted, that at age review. Those cases typically are abortion cases, election cases, as more pertinent to this case, shackling, pretrial detention. And we see that prong fully explained in this Court's cases Brandau, Howard and Mink. And I think those cases make very clear that, again, both prongs have to be met. Second prong, repetition. Again, as the Court noted, the plaintiff has to represent broader interests than his own. It doesn't have to be a class action, but it has to be analogous to a class action. Well, and he is alleging that that prong is satisfied because he's challenging a policy. And he's saying, if I were just doing it as applied, it would be unique to me. But I'm saying that the prison system has a policy. Yes. So that may be his – on that particular prong, he may have a point. Well, he has half a point, Your Honor, if I may. Certainly there has to be a challenge to ongoing policies. And I think in this case, at least the district court found for our purposes, and I think that's fine for our purposes, there is at least some of the policies that remain ongoing. But he also has to show that other constituents suffer the same deprivations. But isn't that what it says at ER 16? The record clearly reflects that the petitioner was incarcerated with numerous other practitioners of Native American religious traditions. Yes, it does, Your Honor, and that's what the district court found. So then it seems to me that what the district court is really saying is that there is evidence that they meet the second prong. I don't think that's what the district court is saying, Your Honor. And at ER 16, the court goes on to explain that evidence of mere – mere incarceration with other inmates who may practice a Native American religion isn't the same thing as representing their broader interests. Well, isn't the question the reach of this government policy exception? I mean, if it was – if it depended only on there being an ongoing government policy, most cases against the government wouldn't be moved because most of them are based on an ongoing government policy, or many of them are. So it appears that those cases actually all have this inherently transitory quality as well. Yes, they do. Yes, they do. That's absolutely correct, Your Honor. So the issue isn't that there isn't an ongoing policy. There appears there is one, and it isn't that it isn't affecting other people. It appears it is. The question is, is it inherently transitory such that there is nonetheless – the ongoing government policy is a reason not to look at the individual but to look at the group. Yes, and I think that's correct, Your Honor. And it's almost in this variant of the exception that there's really three prongs as I see it. You've got the inherently transitory prong. You've got the challenge to the ongoing policy. So something has to be continuing. And you've got the representation of broader interests. So if I could refer the Court to Clerk's Record 118, that's the defendant's summary judgment. It's a good summary of the evidence in the case. So, for example, in Exhibit 103 – I'm sorry. Clerk's Record 118 are the exhibits. Exhibit 103 is Stephen Bradd's affidavit where he explains the policies. All he says in that affidavit is 30 to 50 inmates attend sweat lodge. Okay, that's an example of other inmates being housed, other practitioners being housed. The 30 to 50 inmates attend sweat lodge, I'm not sure it's the same thing as saying that this particular plaintiff represents their interests in challenging that policy. I don't really understand why we're discussing this. I don't understand why he's not representing them as much as the plaintiffs in the case of Gershtine and the Shacklin cases and so on. However, this is not an inherently transitory issue. I agree, Your Honor. I think it fails on two of those three prongs. Well, I guess I don't understand why you're arguing the last one, but that's okay. I mean, the appellant argument was basically that if he is asserting a policy as opposed to an as-applied problem, that he wins. Because he says if I can attack a policy, that policy applies to a lot of people, so I can be kind of like the private attorney general or consider me like a class action. Do you buy that argument? No. Why? No, because it's only one prong. And as Judge Berzon points out, it's still not inherently transitory. So even if you accept his argument that he represents prior interests. So we don't even need to address the prong of that if we agree with you that this particular claim isn't intrinsically transitory. Isn't intrinsically. Now, it might be transitory for him, but there's plenty of Ninth Circuit law that says just because a particular individual gets dismissed from prison or something, that doesn't he can't then claim still the right to bring the case. Yes, that's right, Your Honor. So if this Court finds that this is his case doesn't evade review, we are done and it's moot. So the Court never has to reach the representation of broader issue. His case evaded review, but the issue is whether the issue inherently evades review. Right? Not whether his case evades review. That the class of cases inherently evade review. Again, like the abortion or election cases or the shackling cases. And the reason for that is clear, and, Your Honor, I think you just mentioned it, that if we find that one particular case evades review because of its own peculiarities, it's gone on too long or longer than most cases, then the exception swallows the rule. And that was the district court's point, is, again, the general rule, as Judge Smith mentioned, that generally conditions of confinement cases don't evade review and can become moot, that pretty much goes away. If we find that all an inmate or any plaintiff has to do is challenge a policy, then we've got a lot of ongoing cases that would otherwise be moot. My time is almost out. I just wanted to clarify a couple of more things in the record. A summary of the evidence, if the Court's interested, is at Clerk's Record 117. That's the memorandum in support of the motion for summary judgment. And you can also find the allegations at CR 28. That's Plaintiff's memorandum supporting his complaint. That, if the Court's interested, gives the evidence that supports what the representation of broader interests exactly was. The Court has no further questions. Thank you very much. Thank you for your argument. I will just briefly address the policy argument raised by my able colleague. Again, this is a flexible inquiry, and courts routinely grapple with those kind of inquiries. And they're going to have to meet each other. To be truthful about it, it's not a very coherent doctrine at all, because if, in fact, you need non-mootness in order to have an Article III sufficiently teed up case, then it's not clear why there's a representation exception or anything else. So it's a pragmatic doctrine to begin with. It's a policy-oriented, pragmatic doctrine. And the question is, why should this come within it? Because I think it's not an instance of the exception is going to swallow the rule. In this case, you clearly have Mr. Alvarez challenging policies that affect other practitioners. So he's representing interests broader than his own. I don't think the record is unclear on that point at all. Mr. Alvarez is challenging policies that regulate religious ceremonies in which he is practicing with fellow religionists. And it's precisely that kind of vindication of broader interest, particularly in this context where there aren't damages available under this statute any longer. It's going to be injunctive and declaratory relief only. And if those kinds of challenges, because of the expiration of sentences and the vagaries of the litigation process go away, it's going to be more difficult to vindicate the statute. But not impossible, more difficult, maybe, but not impossible, because he could bring a class action, in which case the continuity of the class could keep the case open. Well, he could, but I don't think he could. Well, there are restrictions, of course, on the ability to bring class actions on prison conditions. So there are tight restrictions on that. I think that's exactly right. But those express Congress's policy choices on that. They do. But you're asking inmates to kind of thread a needle that when, particularly in this context, when they're dealing with acknowledged policies. The real problem is that in this day and age of what many people believe are excessively long prison sentences, the notion that this kind of thing evades review seems not terribly credible. There are many people in prison for 5 years, 10 years, 15 years, 20 years in life. So why is it evading review? Well, again, I know the panel has not the panel acknowledges this case is emblematic of a litigant attempting to pursue his claims in a vigorous way, but not being able to because of the way the litigation process played out to vindicate those claims. And I suspect that that happens quite frequently. And, again, I don't think the question is whether these cases always evade review, but whether they routinely do. And I think we can draw from the example of this case that these kinds of challenges do indeed routinely evade review. And, of course, there's nothing in the record statistically to kind of bear that out. We just have the example of Mr. Alvarez's challenge here. Okay. Thank you. Thank you. Very much. The case of Alvarez v. Hill is submitted. We will go on to Western Radio Services v. Quest.
judges: Ebel, Berzon, Smith